CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 23 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TROY D. DREW,          ) | |
|     Plaintiff,        ) | Civil Action No. 7:08-cv-00041 |
|               ) | |
| v.          ) | **MEMORANDUM OPINION** |
|               ) | |
| DEBORAH MCKNIGHT,       ) | By: Samuel G. Wilson |
|     Defendant.       ) | United States District Judge |

Plaintiff Troy D. Drew, a Virginia prisoner proceeding pro se, filed this complaint which the court will construe as an action pursuant to 42 U.S.C. § 1983. Drew has also requested to proceed in forma pauperis.

According to court records, Drew has had three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Therefore, Drew may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Drew has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice.[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 23rd day of January, 2008.

_____
United States District Judge

---

[1] See Drew v. Young, et al., No. 7:03cv00063 (W.D. Va. May 30, 2003) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); Drew v. Young, et al., 74 Fed. Appx. 275 (4th Cir. 2003) (appeal dismissed as frivolous on the reasoning of the district court); Drew v. Sword, No. 3:04cv00640 (E.D. Va. Jan. 3, 2005) (dismissed as frivolous); Drew v. Young, et al., No. 7:02cv00542 (W.D. Va. Feb. 24, 2003) (dismissed in part for failure to exhaust, pursuant to 42 U.S.C. § 1997(e), and in part for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)) (see Hines v. Texas, et al., 76 Fed. Appx. 564, 567 (5th Cir. 2003) (affirming the assessment of a strike for 42 U.S.C. § 1983 complaint dismissed in part pursuant to § 1997(e) and in part pursuant to § 1915A(b)(1)).

[2] Drew alleges that although he is on a vegetable loaf diet, the defendant repeatedly gave him a loaf containing meat. The court finds that Drew's allegation fails to demonstrate that he is under imminent danger of serious physical injury.

[3] The court notes that if Drew wishes to re-file his claims, amending them to allege imminent danger of serious physical injury, he may do so by filing a separate action.